Jimmy L. GLASS, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary at Angola, Louisiana, Respondent-Appellee.

No. 85–4499.

United States Court of Appeals, Fifth Circuit.

July 25, 1985.

M. Michele Fournet, Baton Rouge, La., for petitioner-appellant.

Henry N. Brown, Jr., Dist. Atty., Benton, La., William J. Guste, Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before POLITZ, GARWOOD and HIGGINBOTHAM, Circuit Judges.

*On Motion for Leave to Proceed in Forma Pauperis, Application for Certificate of Probable Cause and Application for Stay of Execution*

PER CURIAM:

This matter is before the court on a motion for leave to proceed in forma pauperis, an application for certificate of probable cause, and an application for stay of the execution presently scheduled for July 26, 1985.

Although jurisdiction of this court was invoked near midday on Wednesday, 24 July 1985, approximately 36 hours before the scheduled execution and immediately after the district court denied habeas relief, and despite considerable efforts of the participants it was early evening before copies of the pleadings were delivered to all panel members. Necessarily, it was only possible for the Louisiana member of the panel to have possession of the record.

The petition of Jimmy L. Glass, with attachments, covers 86 pages and asserts 20 alleged constitutional infirmities in his trial, conviction, and sentence. The record before us includes the habeas filings and district court memorandum ruling, a five-volume state trial record spanning over 1,000 pages, plus a portion of the transcript of the trial of the companion case of Jimmy C. Wingo.

The petition now before us is Glass's first application for federal habeas relief under 28 U.S.C. § 2254. In the past eight days habeas applications have been filed and denied in the state district court, the state supreme court, and the federal district court. We find no evidentiary hearing by any court on any issue raised.

In the scant hours remaining before tonight's execution, we cannot review and analyze the validity of claimed constitutional deficiencies in a measured manner. Whether certain of the claims warrant a certificate of probable cause cannot be determined without an examination of the entire record now before the panel. Our study, which continued into the late evening hours, thus far satisfies us that most of the issues raised are without merit, but the remaining issues require additional evaluation and collegial consideration before a ruling can be made on the certificate of probable cause.

The motion for leave to proceed in forma pauperis is GRANTED.

The execution of Jimmy L. Glass scheduled for July 26, 1985 is STAYED subject to further orders of this court.

The court directs briefing by counsel as to whether a certificate of probable cause should issue. The clerk of this court shall set an appropriate briefing schedule.

STAY OF EXECUTION GRANTED.